IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

D. VINCENT CAMASTRO

        Plaintiff,

v.                                                                                                      Civil Action No. 5:12-cv-157

SCOTT R. SMITH, et al.,

        Defendants.

## REPORT AND RECOMMENDATION

### *I. INTRODUCTION*

On October 18, 2012, Plaintiff filed a complaint in this Court, alleging a conspiracy between local judges, prosecutors, police, and lawyers aimed at depriving him of access to the Courts and violating his civil rights.[1] On October 22, 2012, Senior Judge Frederick P. Stamp, Jr., referred the above styled action to the undersigned for a report and recommendation on whether this action should be dismissed pursuant to 28 U.S.C. § 1915(e) as frivolous, failing to state a claim, or seeking relief from a defendant who is immune from such relief. For the foregoing reasons, the undersigned recommends that the Complaint be dismissed against all but one Defendant.

### *II. BACKGROUND*

The crux of Plaintiff's complaint appears to stem from a citizen appearance before an Ohio

---

[1] The Court will note the striking similarity between this Complaint, and several other complaints filed in this Court by members of the Givens and Pizzuto family. The undersigned has recently recommended that all those complaints be dismissed for failure to state a claim. *See* Civ. Act. Nos. 512cv145, 512cv149, and 512cv155.

County Grand Jury, where he was able to obtain an indictment against an individual who he claims left his motel without paying rent.[2] Plaintiff states in his complaint that the same day he went to the grand jury and got an indictment, two other individuals went to the grand jury and got indictments. The Court is confident that Plaintiff is referring to indictments obtained by Greg and Dennis Givens against Defendant Keith Gamble.[3] Plaintiff contends that the special prosecutors appointed to handle these citizen obtained indictments, Defendants Furbee and Paul, never contacted him or the other two citizens, which was in violation of their duties.

After investigation, the special prosecutors dropped the charges against the individuals indicted, and further attempts by Plaintiff and the Givens family to appear before the grand jury were denied by the judges named in the complaint. Roughly a year after Plaintiff was successful in obtaining the indictment, he was charged with false swearing before the grand jury. Plaintiff alleges that this is retaliation for his actions before the grand jury, and that the prosecutors have no intention of bringing the charges to trial. It is upon these facts that Plaintiff brings his claims that Defendants have violated his rights under the laws and constitution of the United States.

## *III. DISCUSSION*

The undersigned recommends that several Defendants be dismissed from this action, either because Plaintiff is seeking relief from a defendant who is immune from such relief, or because Plaintiff has failed to state a claim for which relief may be granted. Because several of the Defendants are immune from this civil suit, the Court will first discuss immunity before getting into

---

[2] In West Virginia, "an individual citizen-complainant has a . . . right to appear before a grand jury to present evidence of an alleged offense." *See State ex rel Miller v. Smith*, 285 S.E.2d 500, 507 (W. Va.1981) (construing W. Va. Const. Art. III, § 17).

[3] Again, this complaint is very similar to complaints filed by the Givens and Carol Gray Pizzuto. *See*, *supra* n.1.

how Plaintiff's complaint fails to satisfy the pleading standards.

*A. Immunity*

Under 28 U.S.C. § 1915(e)(2)(B)(iii), "the Court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . seeks monetary relief against a defendant who is immune from such relief." The Court finds that Defendants James P. Mazzone and Arthur M. Recht, both state court judges, are immune from this action. Further, Defendants Scott R. Smith, D. Luke Furbee, and Carl Worthy E. Paul, Jr., all state prosecutors, are immune from this action. The Court will discuss the reasoning for each in turn.

*1. Judicial Immunity*

For nearly a century and a half, the Supreme Court of the United States has recognized judicial immunity as a firmly rooted principle of law that shields judicial officers from civil suit for actions taken in the exercise of their judicial functions, holding that "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself. *Bradley v. Fiher*, 80 U.S. 335, 347 (1872).

In *Bradley*, the Supreme Court further held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Id*. at 351. In fact, the bar of judicial immunity can only be overcome in two circumstances. First, a judge is not immune from liability for their non-judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 360 (1978). Second, a judge is not immune for actions, though judicial in nature, were taken in complete absence of all jurisdiction. *Id*. at 356-57. To determine whether an act is judicial, a court should examine the

3

nature of the act itself. *Id*. at 362. Specifically, the court should determine whether the act complained of is a function normally performed by a judge. *Id*.

In the instant case, Plaintiff is complaining of actions taken by the judges from the bench, namely the judges' denial of Plaintiff's requests to appear before the grand jury. Under the standard articulated above, if these denials were judicial acts and not undertaken in clear absence of the judges' jurisdiction, then the judges have absolute immunity. In *State ex rel Miller v. Smith*, 285 S.E.2d 500, 505 (W. Va. 1981), the West Virginia Supreme Court of Appeals found that the circuit judges are the gatekeepers to the grand jury, and that a citizen may only exercise his right to appear before the grand jury by first making an application to the circuit judge. Thus, the acts taken by the judges were entirely judicial in nature and a proper function of the office. Clearly, then, the judges enjoy absolute immunity and should be dismissed from this action. *See also Cogar v. Strickler*, 570 F. Supp. 34, 35-36 (S.D.W.V. 1983) (finding same).

*2. Prosecutorial Immunity*

In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Supreme Court of the United States held that, "in initiating a prosecution and in presenting the State's case, [a] prosecutor is immune from a civil suit for damages under § 1983." *Id*. at 431. The Court made clear that this immunity is absolute because "qualifying a prosecutor's immunity would disserve the broader public interest [by] prevent[ing] the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system." *Id*. at 427-28. Finally, in "delineat[ing] the boundaries of [its] holding," the Court explained that this absolute immunity protects a prosecutor's activities that are "intimately associated with the judicial phase of the criminal process." *Id*. at 430. This immunity extends into discretionary decisions of whether and when to prosecute. *See Lyles v.*

4

*Sparks*, 79 F.3d 372 (4th Cir. 1996); *Ehrlich v. Giuliani*, 910 F.2d 1220 (4th Cir. 1990).

Here, Plaintiff claims that the prosecutor Defendants violated his rights by either failing to bring charges or prosecute the citizen obtained indictments. Further, Plaintiff complains of his own prosecution for false swearing. These decisions are made within a prosecutor's duty as officer of the court; thus, the actions are absolutely immune from suit. *See Imbler*, 424 U.S. at 431 ("A prosecuting attorney is required constantly, in the course of his duty as such, to make decisions on a wide variety of sensitive issues. These include questions of whether to present a case to a grand jury, whether to file an information, whether and when to prosecute, whether to dismiss an indictment against particular defendants, which witnesses to call, and what other evidence to present.") Accordingly, these three Defendants should be dismissed from this action.

## B. Failure to State a Claim

Under 28 U.S.C. § 1915(e)(2)(B)(ii), "the Court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." Although *pro se* Plaintiff's pleadings are liberally construed, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), his complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir.2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. *Id*; *see also Whitner v. U.S.*, 2012 WL 5417912, *1 (4th Cir. 2012) (unpublished), applying the standard in the instant context of 1915(e)(2)(B). The undersigned recommends dismissal of Defendant Keith

5

C. Gamble and Ohio County because Plaintiff has not articulated facts to demonstrate he is entitled to relief.

*1. Keith Gamble*

In his complaint, Plaintiff has asserted violations of the Civil Rights Act, Ku Klux Klan Act, Force Act,[4] and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Plaintiff cannot succeed on any of these claims against the aforementioned defendants because, as discussed, they are immune. Likewise, Plaintiff cannot succeed in his claims against this Defendant because he is a private individual. First, Plaintiff alleges violations of the Fourteenth Amendment, both the Due Process and Equal Protection Clauses, which clearly applies to only state action. *See Helley v. Kraemer*, 334 U.S. 1, 13 (1948); *see also Cooper v. Aaron*, 358 U.S. 1, 11 (1958) ("Individual invasion of individual rights is not the subject-matter of the amendment."); *Simkins v. Moses H. Cone Memorial Hospital*, 323 F.2d 959, 966 (4th Cir. 1963) ("[P]rivate conduct abridging individual rights does no violence to the Equal Protection Clause unless to some significant extent the State in any of its manifestations has been found to have become involved in it.").

Plaintiff also alleges that Defendant Gamble has violated his First Amendment rights. The First Amendment to the United States Constitution provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." These provisions are binding on the states through the Due Process Clause of the Fourteenth Amendment. *See Comm. for Pub. Ed. & Rel. Liberty v. Nyquist*, 413 U.S. 756 (1973). Further, it is well settled that "[t]he First Amendment right to free

---

[4] The Court is unsure of what Act of Congress Plaintiff is referring to.

speech includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for the exercise of that right." *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000)

Here, Plaintiff has not asserted any law passed by Congress or the state which restricts his First Amendment rights. Moreover, he has not pled any facts that would implicate Defendant's private activity that could be deemed "state action." *See Jackson v. Met. Edison Co.*, 419 U.S. 345, 349 (1974). Finally, Defendant is a private citizen. Thus, Plaintiff cannot succeed on a claim that he was retaliated against by a public official. Accordingly, the First Amendment claim cannot proceed.

Further, in Plaintiff's assertion of this Court's jurisdiction, Plaintiff alleges that Defendant has violated the Civil Rights Act and Ku Klux Klan Act, the remaining parts of which are codified at 42 U.S.C. §§ 1981-83, and § 1985, but does not allege which Section of the Act Defendants have violated in the facts provided in the listed Counts. Application of any of these provisions has no merit. First, §§ 1981 and 1982 prohibit racial discrimination in the making of contracts, in employment, property rights, and in other enumerated areas. The complaint does not contain any allegations in the claim or otherwise to substantiate a claim under either Section.

Section 1983 prohibits the deprivation of any rights guaranteed by the Constitution or law by any person acting under color of state law. Thus, to establish a claim under § 1983, Plaintiff must show that: (1) Defendants deprived her of a right guaranteed under the Constitution or laws of the United States, and (2) that the deprivation occurred under color of a statute, ordinance, regulation, custom, or usage of the State. *See Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). The under color of law element is equivalent to the state action required by the Fourteenth Amendment,

*id.*, and "may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metro Edison Co.*, 419 U.S. 345, 351 (1974)). Again, Plaintiff has not alleged anything that would implicate state action, or private behavior that can be imputed to state action.

Finally, Section 1985, the Ku Klux Klan Act, does provide for a remedy for purely private action by prohibiting conspiracies to deprive a person of his or her civil rights. Section 1985(1) forbids conspiracies to prevent an officer from performing her duties, but the complaint does not allege anything that would implicate this Section. Similarly, there is no implication of § 1985(2), which forbids conspiracies aimed at intimidating a party, witness, or juror, to a court proceeding. Thus, only § 1985(3) remains, which, in relevant part, deals with conspiracies aimed at depriving persons of certain rights or privileges.

In order to prove a conspiracy in violation of § 1985(3), "a plaintiff must show, *inter alia*, (1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993) (internal citations omitted). Plaintiff does not allege that some racial or other class-based animus lay behind the alleged conspirators' actions. In sum, even accepting all of Plaintiff's facts as true, none of the federal laws or constitutional amendments that Plaintiff relies on could provide him with the relief requested.

*2. Ohio County*

Ohio County is mentioned throughout the complaint, mostly only as a location where the

8

alleged violations occurred. In Count 1 Plaintiff does allege that Ohio County has a custom or policy of failing to train and supervise its employees. If Plaintiff can show that a custom or policy of a municipality deprived him of his rights, then he may have a colorable claim under 42 U.S.C. § 1983. *See Monell v. Dept. Soc. Servs.*, 436 U.S. 658 (1978). However, Plaintiff points to no written or formal policy, or persistent and widespread practice, that would have deprived him of his rights. *Monell*, 436 U.S. at 690-91. Nor does Plaintiff point to any "affirmative decisions of individual policymaking officials" that resulted in a deprivation of his rights. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986). Simply put, the bare allegation that the County has a policy or custom of failing to train and supervise is insufficient to meet the pleading standards. Accordingly, this Defendant should be dismissed.

## *C. The Remaining Defendant*

The remaining Defendant, J.E. Dean, is a corporal with the state police, who is also the apparent focus of the complaint because he is the one that arrested Plaintiff on false swearing charges. Among other things, Plaintiff has alleged that Corporal Dean has violated his Fourth Amendment rights against unreasonable search and seizure, and that Corporal Dean used excessive force during Plaintiff's arrest. This is clearly a colorable claim under 42 U.S.C. § 1983. Accordingly, the undersigned recommends that Defendant Dean be ordered to answer.

## *IV. CONCLUSION & RECOMMENDATION*

Because Defendants Smith, Furbee, Mazzone, Recht, and Paul are entitled to absolute immunity under the facts presented by Plaintiff, the undersigned recommends they be dismissed from this action. Further, because Plaintiff has not articulated facts that would entitle him to relief from Defendants Gamble and Ohio County, the undersigned recommends that they, too, be

dismissed from this action. Finally, the undersigned recommends that the action against Defendant Dean be allowed to proceed because a cause of action exists under § 1983. Accordingly, Defendant Dean should be ordered to answer.

Any party may, within fourteen [14] days after being served with this report and recommendation, file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge of record. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985): *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiffs by certified mail, return receipt requested, to their last known address as reflected on the docket sheet, and to any other counsel of record, as applicable.

DATED: February 5, 2013                  /s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE