IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


D. VINCENT CAMASTRO,

          Plaintiffs,

v.                                        Civil Action No. 5:12CV157
                                                        (STAMP)
SCOTT R. SMITH,
Prosecuting Attorney,
KEITH C. GAMBLE,
D. LUKE FURBEE,
Special Prosecuting Attorney,
HONORABLE JAMES P. MAZZONE,
HONORABLE ARTHUR M. RECHT,
CORPORAL J.E. DEAN,
CARL WORTHY E. PAUL, JR.,
Special Prosecuting Attorney,
and OHIO COUNTY, WEST VIRGINIA,
individually and collectively,

          Defendants.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

On October 18, 2012, the pro se[1] plaintiff filed this civil
rights action in this Court against the above-named defendants
pursuant to 42 U.S.C. §§ 1981, 1983, and 1985.  The complaint
argues that the defendants violated the plaintiff's civil rights by
denying him the ability to obtain fair access to the courts.  As
the magistrate judge notes, the plaintiff's complaint seems to stem
from a citizen appearance before a grand jury in Ohio County, West

_____

[1]"Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer.  Black's Law
Dictionary 1341 (9th ed. 2009).

Virginia, where the plaintiff successfully obtained an indictment against an individual who he claims left his motel without paying rent.[2]  The plaintiff claims that the special prosecutors assigned to the prosecution of this citizen indictment, defendants D. Luke Furbee ("Furbee") and Carl Worthy E. Paul, Jr. ("Paul"), never contacted him, and this violated their duties as prosecutors.

Special Prosecutors Furbee and Paul eventually dropped the charges obtained by the plaintiff, and further attempts by the plaintiff to appear before the grand jury in Ohio County were denied by the defendant judges named above.  The plaintiff was subsequently charged with false swearing before a grand jury.  As to these charges, the plaintiff claims that they violate his rights because they are in retaliation for his actions before the grand jury, and the prosecutors have no intention of bringing the case to trial.

Pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 636, this Court then referred the plaintiff's complaint to the Honorable James E. Seibert, United States Magistrate Judge, for report and recommendation.  Magistrate Judge Seibert entered a report and recommendation wherein he recommended that the plaintiff's complaint be dismissed for failure to state a claim as to all

---

[2]West Virginia allows a private citizen to appear before grand juries to present evidence of an offense in order to obtain a citizen indictment.  See State ex rel Miller v. Smith, 285 S.E.2d 500, 507 (W. Va. 1981).

defendants except defendant Corporal J.E. Dean ("Dean"). The magistrate judge further informed the parties that, if they objected to any portion of the report and recommendation, they were required to file written objections within fourteen days after being served with copies of the report. No objections were filed. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge must be affirmed and adopted in its entirety. The plaintiff's claims are dismissed as to all defendants with the exception of the plaintiff's claim under 42 U.S.C. § 1983 alleged against defendant Corporal J.E. Dean.

## II. Legal Standard

As there were no objections filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

The magistrate judge first recommends that defendants James P. Mazzone ("Mazzone"), Arthur M. Recht ("Recht"), Scott R. Smith ("Smith"), D. Luke Furbee, and Carl Worthy E. Paul, Jr. be dismissed because these defendants are entitled to immunity from suit as to the allegations that the plaintiff has made against them. Defendants Mazzone and Recht are both sued in this case for allegedly refusing to allow the plaintiff to appear before the grand jury in Ohio County following his initial appearance which

resulted in a later dismissed citizen indictment. As the magistrate judge correctly noted, judges are entirely immune from suit in "civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Bradley v. Fisher, 80 U.S. 335, 347 (1872). Accordingly, the judge defendants, who are clearly sued here for judicial acts, are immune from suit. The magistrate judge's finding in this regard is not clear error.

Similarly, prosecutors Smith, Furbee, and Paul are immune from suit for prosecutorial actions. See Imbler v. Pachtman, 424 U.S. 409 (1976). This immunity extends to decisions regarding whether or not to prosecute. Lyles v. Sparks, 79 F.3d 372 (4th Cir. 1996). The plaintiff's allegations against these defendants are essentially that they failed to call him or to properly prosecute his citizen indictment. As these decisions and actions fall squarely within the prosecutorial immunity explained above, the magistrate judge's recommendation to dismiss these defendants is likewise not clear error.

As to the other defendants recommended for dismissal, the magistrate judge found that the plaintiff failed to state a claim against them for which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This Court does not find clear error in this recommendation. The magistrate judge recommends that Keith Gamble ("Gamble") be dismissed because the plaintiff has failed to

4

articulate facts against him which could establish a possibility of liability.   Against this defendant, the plaintiff has alleged violations of the Civil Rights Act, Ku Klux Klan Act, the Force Act,[3] and the First, Fourth and Fourteenth Amendments to the United States Constitution.

As the magistrate judge correctly states, defendant Gamble cannot be held liable under any of these alleged violations because he is a private individual.   Initially, the First, Fourth and Fourteenth Amendments can only be violated through state action. See Helley v. Kraemer, 334 U.S. 1, 13 (1948); Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 685 (4th Cir. 2000); Jackson v. Met. Edison Co., 419 U.S. 345, 349 (1974).   Further, defendant Gamble cannot be held liable under the Civil Rights Act, codified at 42 U.S.C. §§ 1981-1983, or the Ku Klux Klan Act, codified at 42 U.S.C. § 1985 for the following reasons.

Title 42, United States Code, Sections 1981 and 1982 provide a vehicle by which individuals may bring civil actions for racial discrimination in their "rights to make and enforce contracts, to sue, be parties, give evidence, and to full and equal benefit of the laws and proceedings for the security of persons and property," and for racial discrimination with regard to property ownership and

---

[3]This Court agrees with the magistrate judge that the exact Act of Congress referred to by the plaintiff as the "Force Act" is unclear.

transfer.  As the magistrate judge points out, the plaintiff has offered no allegations of racial discrimination.

Title 42, United States Code, Section 1983 provides a private right of action for violations of Constitutional "rights, privileges, or immunities" committed "under color of any statute, ordinance, regulation, custom, or usage, of any State . . ."  In order for a constitutional violation to have been committed under color of state law, it must have "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"  Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) (quoting Jackson v. Metro Edison Co., 419 U.S. 345, 351 (1974)).  In this case, defendant Gamble is unquestionably a private citizen operating as such with regard to the plaintiff's allegations against him.  The plaintiff alleges no facts which could support any inference that Gamble ever acted in a way which could be considered closely connected to the State.

Finally, the relevant portion of 42 U.S.C. § 1985 prohibits two or more people from conspiring to deprive another "person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws."  While § 1985

6

allows individuals to file a civil suit for private action in violation of the statute, in order for an action to violate § 1985, "a plaintiff must show, <u>inter alia</u>, (1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment." <u>Bray v. Alexandria Women's Health Clinic</u>, 506 U.S. 263, 268 (1993) (internal citations omitted). Here, as the magistrate judge notes, the plaintiff fails to allege that any racial or class-based discriminatory animus was the root of the alleged constitutional deprivations alleged.

With regard to the plaintiff's allegations against Ohio County, West Virginia, the magistrate correctly points out that, while the plaintiff alleges that Ohio County has a custom or policy of failing to train and supervise employees, he fails to allege any written or formal policy, or persistent and widespread practice which deprived him of his rights. Nor does he point in any way as to how Ohio County policymakers violated his rights personally. Accordingly, the magistrate judge did not err in determining that the plaintiff had failed to set forth a colorable claim against Ohio County.

Finally, however, the magistrate judge found that the plaintiff had alleged a colorable claim under 42 U.S.C. § 1983 as to defendant J.E. Dean. This defendant, a corporal with the West

7

Virginia State Police, arrested the plaintiff on false swearing charges.  The plaintiff alleges that, in the course of this arrest, defendant Dean violated his Fourth Amendment rights against unreasonable search and seizure, and utilized excessive force. This Court agrees with the magistrate judge that the plaintiff has pled a claim against defendant Dean for a violation of 42 U.S.C. § 1983, and will thus direct defendant Dean to respond to the complaint.

## IV.  <u>Conclusion</u>

Having reviewed the magistrate judge's report and recommendation for clear error, this Court hereby AFFIRMS and ADOPTS the report and recommendation in its entirety.  Accordingly, defendants Scott R. Smith, Keith C. Gamble, D. Luke Furbee, Honorable James P. Mazzone, Honorable Arthur M. Recht, and Carl E. Worthy Paul, Jr. are DISMISSED from this civil action.

The Clerk is DIRECTED to issue a TWENTY-ONE DAY summons for defendant Corporal J.E. Dean.  The summons should be directed to the defendant at the address provided by the plaintiff in the complaint.  The Clerk is further directed to forward a copy of this memorandum opinion and order, a copy of the complaint (ECF No. 1), a completed summons and a completed Marshal 285 Form for defendant Dean to the United States Marshal Service.  The Marshal Service shall serve defendant Dean within SIXTY DAYS from the date of this memorandum opinion and order.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights.  Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail.

DATED:   August 19, 2013


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

9